UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: MILTON JONES, ROBERT BLAIR, CARL IVKA, TIMOTHY MELIA, JASON PARADIS, MONRAE BAILEY, DAVID BELL, and DAVID BURNWORTH, <br><br>2625 Butterfield Road, Suite 208E <br>Oak Brook, IL 60523 <br><br>Plaintiffs, <br><br>v. <br><br>FISHER FOODS MARKETING, INC., <br>4855 Frank Road N.W. <br>North Canton, OH 44720 <br><br>Serve: Bryan Kaschak, Statutory Agent <br>116 Cleveland Avenue NW, Suite 700 <br>Canton, OH 44702 <br><br>Defendant. | Case No. 1:25-cv-7168 |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Fisher Foods Marketing, Inc. ("Fisher Foods" or "Defendant") as follows:

**Introduction**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.* (1982), and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Fisher Foods for delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the Plaintiffs in collecting these amounts related to Fisher Foods's failure to pay contributions

23169910v2

required by agreement between Fisher Foods and the United Food and Commercial Workers Local Union No. 880 ("Local 880").

## Jurisdiction and Venue

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4.  The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5.  Plaintiffs Milton Jones, Robert Blair, Carl Ivka, Timothy Melia, Jason Paradis, Monrae Bailey, David Bell, and David Burnworth are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Oak Brook, Illinois.

6.  Defendant Fisher Foods is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Fisher Foods is a corporation organized under the laws of the State of Ohio with its principal place of business in Canton, Ohio and operates in the supermarket industry.

**Governing Documents**

7. At all times relevant to this action, Fisher Foods employed employees represented for the purposes of collective bargaining by Local 880, a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Fisher Foods and Local 880 have been parties to and bound by collective bargaining agreements ("CBA") obligating Fisher Foods to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

9. Under the CBA, Fisher Foods agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required Fisher Foods to submit monthly pension contributions to the Fund.

10. Fisher Foods also signed an Employer Participation Agreement with the Fund ("Participation Agreement"). The terms of the Participation Agreement obligated Fisher Foods to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

11. The Trust Agreement bound Fisher Foods to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy").

12. The Delinquency Policy requires Fisher Foods to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency.

13. The Trust Agreement also binds Fisher Foods to the Fund's Payroll Audit Policy ('Payroll Audit Policy"). The Payroll Audit Policy requires contributing employers, including

Fisher Foods, to submit to periodic payroll audits to determine the accuracy of the contributions upon which benefits are paid to covered employees.

### Factual Allegations

14. Monthly contributions due to the Fund are calculated on remittance reports required to be prepared monthly by each contributing employer. The remittance reports identify the employees, their hours worked, and their job classification and corresponding contributions due under the CBA. This is a self-reporting system and the Fund relies on the honesty and accuracy of the employers in reporting employees' hours and job classifications, as well as the contributions owed by employers to the Fund for work performed by employees.

15. In order to verify the accuracy of the remittance reports submitted by employers, the Fund conducts payroll audits pursuant to the Payroll Audit Policy. Since the benefit accruals of the Fund's participants are directly tied to the contributions reported on their behalf, these payroll audits are critical to ensuring the accuracy and integrity of the Fund's administration of benefits.

16. In accordance with the CBA, the Trust Agreement, and the Payroll Audit Policy of the Fund, the Fund's auditors conducted a payroll audit of Fisher Foods's payroll records for the period of January 1, 2022, through June 30, 2023, to determine whether the appropriate contributions had been paid by Fisher Foods to the Fund.

17. On or about October 29, 2024, the Fund sent Fisher Foods a final payroll audit report (the "Final Audit Report").

18. The Fund's October 29, 2024, transmittal letter informed Fisher Foods that it had ten business days to object to any of the findings in the Final Audit Report. Fisher Foods failed to object or otherwise respond to the Final Audit Report within ten business days.

19. The Final Audit Report informed Fisher Foods that it failed to pay $6,184.57 in contributions for work performed by employees covered by the CBA, and that Fisher Foods also owes interest on those delinquent contributions. To date, Defendant has not paid these amounts to the Fund and interest on the unpaid contributions continues to accrue.

20. On February 19, 2025, the Fund's co-counsel sent a demand letter for payment of $6,184.57 in contributions for the period of January 2022 through June 2023, and interest on those unpaid contributions.

21. To date, Fisher Foods has failed to pay outstanding delinquent contributions in the amount of $6,184.57, as well as interest in the amount of $2,028.58 assessed through July 2, 2025.

## COUNT ONE: DELINQUENT CONTRIBUTIONS

22. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

23. Fisher Foods is obligated to pay contributions to the Fund as required by the CBA, the Trust Agreement, the Participation Agreement, and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145.

24. Fisher Foods has failed to pay a total of $6,184.57 in contributions owed to the Fund for the period of January 2022 through June 2023.

25. By failing to pay the required contributions, Fisher Foods has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186, and the Trust Agreement.

26. Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, the Trust Agreement, and the Participation Agreement, Fisher Foods is liable to the Fund for $6,184.57 in delinquent contributions for the period of January 2022 through June 2023 and any contributions that become delinquent or are discovered while this action is pending, at least $2,028.58 in interest, accrued through July 2, 2025, and continuing to accrue at the Fund's interest

rate of 2% above the prime rate from the date the contributions became due and owing until the date paid, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, which is at least $2,028.58 through July 2, 2025, with interest continuing to accrue, and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts.

## Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

A.  Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $6,184.57 in delinquent contributions;

(2) Interest on the delinquent contributions at the Fund's interest rate of 2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), in an amount of at least $2,028.58;

(3) Liquidated damages equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, in an amount of at least $2,028.58, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Additional contributions that may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of Fisher Foods's employment records; and

(5) Attorneys' fees and other costs incurred by the Fund in the collection of delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

B.  Restrain and enjoin Defendant and all persons acting on its behalf or in conjunction

with it from failing or refusing to pay to the Plaintiffs all amounts, including contributions, interest, liquidated damages, and costs due to the Fund for which Defendant is obligated to make payments under the terms of the Agreement; and

      C.      Retain jurisdiction of this case pending compliance with its Orders; and

      D.      Grant such other and further relief as the Court may deem just.

Dated: June 26, 2025            Respectfully submitted,

/s/ *Christopher M. Leins, with consent*
Christopher M. Leins, Esq. (Bar No. 997257)
Richard S. Siegel, Esq. (Admission Forthcoming)
SLEVIN & HART, P.C.
1300 Connecticut Ave., N.W., Suite 700
Washington, D.C. 20036
(202) 797-9700
(202) 234-8231 (facsimile)

/s/ *David Huffman-Gottschling*
David Huffman-Gottschling, Esq. (Bar No. 06269976)
Charles P. Burns, Esq. (Bar No. 06317003)
JACOBS, BURNS, ORLOVE & HERNANDEZ, LLP
1 N. La Salle St., Ste. 1620
Chicago, IL 60602
(312) 327-3443

*Counsel for Plaintiffs*

A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

23169910v2